**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **HOPE BRUMBACH BRANHAM, ET AL.** | § | |
| | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:25-CV-954-P** |
| | § | |
| **EQUIFAX INFORMATION SERVICES, LLC, ET AL.** | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS**

Pending before the Court are Defendants Equifax Information Services, LLC; Experian Information Solutions, Inc.; and Trans Union LLC ("collectively Defendants")'s Motion to Dismiss Plaintiffs' Second Amended Complaint [doc. 80], filed April 28, 2026. Having carefully considered the motion, response, and reply, the Court **RECOMMENDS** granting the Defendants' motion for the reasons stated in such motion.

Specifically, the Court notes that Plaintiffs' Second Amended Complaint [doc. 76] is devoid of any specific factual or legal allegations supporting their claims against Defendants, instead relying on vague, collective assertions against all Defendants. (*See generally* Plaintiffs' Second Amended Complaint ("Pl.'s Sec. Am. Compl.").) Plaintiffs, even after getting two opportunities to file an amended complaint, filed a Second Amended Complaint that is referred to as a "shotgun pleading,"[1] which "is a pleading with multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claims is brought against." *Jones v. Grapeland Indep. Sch. Dist.*, No. 24-40194, 2024 WL 4490604, at *1 n.1 (5th Cir. Oct. 15, 2024) (internal

[1] "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Lightheart v. Salvation Army*, No. 3:23-CV-365-HTW-LGI, 2024 WL 4045473, at *2 (S.D. Miss. Sept. 4, 2024).

quotation marks and citation omitted); *see also Perkins v. Foremost Ins. Co. Grand Rapids, Mich.*, No. 23-910-SDD-SDJ, 2024 WL 4524166, at *2 (M.D. La. July 19, 2024) ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.") (internal quotation marks and citations omitted). "[S]hotgun pleadings cloud the legal and factual issues in a case and are subject to dismissal under Rule 12(b)(6)." *Gulf Coast Pharms. Plus, LLC v. RFT Consulting, Inc.*, No. 1:24cv80-LG-RPM, 2026 WL 2547351, at *2 (S.D. Miss. Aug. 28, 2026) (internal quotations marks and citation omitted); *see also Brown v. Equifax Info. Servs.,* No. 1:25-CV-2168-RP, 2026 WL 1906679, at *3-5 (W.D. Tex. June 30, 2026).

In addition, as noted by Defendants in their motion, Plaintiffs fail to state a claim against Defendants for violations of 15 U.S.C. §§ 1681e(b), 1681i(a), or 1681n. (*See* Defendants' Brief in Support of Motion to Dismiss at 7-17.) Based on the foregoing, the Court **FINDS, CONCLUDES, and RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** and that all claims against Defendants be **DISMISSED WITH PREJUDICE**.

**NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28

U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 30, 2026**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 16, 2026.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE