UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**HOPE BRUMBACH BRANHAM, ET AL.,**

Plaintiffs,

v. **No. 4:25-cv-00954-P**

**EQUIFAX INFORMATION SERVICES, LLC, ET AL.,**

Defendants.

# ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On October 16, 2026, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 105. The Magistrate Judge recommended that Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 80) be granted for two independent reasons. *First*, the Magistrate Judge found that Plaintiffs' Complaint constitutes an impermissible shotgun pleading. ECF No. 105 at 1–2. *Second*, the Magistrate Judge found that Plaintiffs' Complaint fails to state a claim for relief against any Defendant in this case. ECF No. 105 at 2.

Plaintiffs filed objections to the FCR on October 21. ECF No. 106. Defendant Trans Union, LLC filed a response to Plaintiffs' objections, and the remaining Defendants joined in that response. ECF Nos. 107–09. The FCR is now ripe for this Court's review.

The Court has conducted a *de novo* review of the following:

1. The pleadings and record;
2. The FCR of the United States Magistrate Judge (ECF No. 105);
3. Plaintiffs' written objections to the FCR (ECF No. 106);

4. Defendant's response to those objections (ECF No. 107); and
5. The applicable law.

The Court, having conducted a *de novo* of the FCR in accordance with 28 U.S.C. § 636(b)(1), concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts them as the findings and conclusions of the Court.

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Federal courts have interpreted this rule as requiring plaintiffs to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint does not need to plead their entire case against a defendant. But it must plead enough facts to enable the defendant to prepare a defense. *See In re Pool Prods. Distribution Mkt. Antitrust Litig.*, 988 F. Supp. 2d 696, 721 (E.D. La. 2013) ("A complaint must be sufficiently detailed that the defendant will 'know what to answer.'") (quotation omitted).

Plaintiffs' Second Amended Complaint fails to meet this requirement. The Magistrate Judge correctly identified Plaintiffs' Complaint as an impermissible "shotgun pleading." ECF No. 105 at 1. The Complaint relies almost entirely on collective assertions against all Defendants in this case "without specifying which of the defendants are responsible for which acts or omissions." *Jones v. Grapeland Indep. Sch. Dist.*, No. 24-40194, 2024 WL 4490604, at *1 n.1 (5th Cir. Oct. 15, 2024) (cleaned up). Plaintiffs' factual allegations span a single page, including almost no detail on which Defendants did what and when. While Plaintiffs need not plead their claims in exacting detail, a complaint containing only conclusory allegations—instead of specific, well-pleaded facts—requires dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992); *see also Gulf Coast Pharms. Plus, LLC v. RFT Consulting, Inc.*, No. 1:24cv80 LG-RPM, 2026 WL 2547351, at *2 (S.D. Miss. Aug. 28, 2026) ("[S]hotgun pleadings cloud the legal and factual issues in a case and are subject to dismissal under Rule 12(b)(6).") (cleaned up).

Plaintiffs object that the Court may not dismiss their Complaint without providing an opportunity to replead and guidance on doing so. ECF No. 106 at 2. But this Court has already given Plaintiffs two opportunities to file an amended complaint. ECF No. 105 at 1. Even accounting for the leeway this Court must afford to *pro se* plaintiffs, the Court finds that Plaintiffs here "have already alleged their best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015). The Court does not believe Plaintiffs' fourth complaint will contain new allegations sufficient to satisfy Rule 8. *See Bautista v. Cap. One Fin. Corp.*, No. 3:24-CV-03010-N-BT, 2025 WL 2412932, at *6 (N.D. Tex. July 25, 2025), *report and recommendation adopted,* No. 3:24-CV-03010-N-BT, 2025 WL 2410350 (N.D. Tex. Aug. 19, 2025) ("[L]eave to amend is not automatic and may be refused where it would be futile.") (citation omitted).

Accordingly, it is **ORDERED** that Plaintiffs' objections are **OVERRULED**, and the findings, conclusions, and recommendation of the Magistrate Judge are **ADOPTED**. Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 80) is **GRANTED**. All claims against Defendants in this case are hereby **DISMISSED with prejudice**.

**SO ORDERED** on this **4th day** of **November 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE